IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MECA C. MOLINA,

        Plaintiff,

v.                                                                          Case No. 17-2684-JWB

NANCY A. BERRYHILL,
*Commissioner of Social Security*,

        Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Plaintiff's counsel's motion to withdraw as attorney (Doc. 10). In the motion, counsel states that Plaintiff terminated her representation. Due to the termination, Plaintiff's counsel contends that it would be impossible and/or impractical to continue representation. Plaintiff's counsel sent Plaintiff notification regarding Plaintiff's obligation to comply with court orders and deadlines. This notice was sent by certified mail using Plaintiff's last known address, which is c/o Resident, 18835 Mont Bretia, Brookings, Oregon, 97415. Plaintiff's counsel did not receive the return receipt on this notification. However, Plaintiff's counsel resent the notice by letter and to Plaintiff's email address. At this time, however, there are no outstanding deadlines in this case due to the court's recent order staying the deadlines. (Doc. 13.) Plaintiff's counsel then sent the motion to withdraw by certified mail. On July 26, Plaintiff signed the return receipt for the certified mail containing the motion to withdraw. (Doc. 11.)

Pursuant to D. Kan. Rule 83.5.5, an attorney may seek an order to withdraw after complying with the rule. After a review of the motion and the subsequently filed certificate of service, the court finds that Plaintiff's counsel has complied with Rule 83.5.5. Plaintiff's counsel

identifies an appropriate basis for withdrawal in that Plaintiff terminated the attorney-client relationship. Therefore, the motion to withdraw is granted (Doc. 10).

The clerk's office is instructed to add Plaintiff's address to the docket sheet and mail this order to Plaintiff. Plaintiff's counsel is ordered to notify the clerk's office of all other contact information that Plaintiff's counsel has for Plaintiff, including her email address. Upon receipt of Plaintiff's email address, the clerk's office is instructed to forward this order to Plaintiff by email.

Plaintiff is instructed that she has a duty to comply with deadlines in this case. The deadline to file an opening brief was stayed pending a decision on this motion. Now that the court has ruled, Plaintiff must file her opening brief in this matter. Because Plaintiff is proceeding without counsel, the court will allow Plaintiff additional time to file an opening brief. Plaintiff's opening brief is due by **October 22, 2018**. Failure to file an opening brief or timely seek an extension may result in dismissal for failure to prosecute. *See Crawford v. Colvin*, No. CV 15-9312-JWL, 2016 WL 1701811, at *2 (D. Kan. Apr. 28, 2016). Moreover, Plaintiff will have a duty to keep the court advised of her current mailing address. D. Kan. Rule 5.1(c)(3). Any notice that the court mails to the last address of record, including this order, is sufficient notice. *Id.*

The motion to withdraw is accordingly GRANTED (Doc. 10).

**IT IS SO ORDERED** this 24th day of August, 2018.

           ___s/ John W. Broomes_____
           JOHN W. BROOMES
           UNITED STATES DISTRICT JUDGE